# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCIS COLEMAN,** | : | CIVIL ACTION NO. 3:10-CV-545 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **RONNIE HOLT**, *et al.,* | : | |
| Respondents | : | |

## ORDER

AND NOW, this 22nd day of July, 2010, upon consideration of the report (Doc. 17) of the magistrate judge, recommending that the petition (Doc. 1) for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be dismissed because petitioner Francis Coleman ("Coleman") failed to adequately exhaust his administrative remedies, and because Coleman's habeas petition is without merit, and upon further consideration of the objections (Doc. 19) to the report, wherein Coleman claims that utilizing the administrative grievance process would be futile and would result in an intentional delay of any relief, and, following an independent review of the record, it appearing that Coleman has not exhausted his administrative remedies, see Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); see also Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000), and that although there is a futility exception to the exhaustion requirement, Coleman's Second Chance Act claim does not qualify as futile merely because he anticipates that

internal grievance procedures would lead to an unfavorable result,[1] see Malvestuto v. Martinez, No. 1:09-CV-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009); see also Melchiorre v. Martinez, No. 1:09-CV-1123, 2009 WL 3241678, at *3 (M.D. Pa. Sept. 30, 2009) (stating that "exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals before the twelve-month pre-release mark, which is simply a statutory maximum and not a mandate"); D'Alfonso v. Martinez, No. 1:09-CV-1033, 2009 WL 3182970, at *3 (M.D. Pa. Sept. 30, 2009) (finding that petitioner had adequate time to adhere to the administrative grievance process regarding his Second Chance Act claim and that he chose not to exhaust his administrative remedies), and it further appearing that Coleman received individualized consideration consistent with the Second Chance Act, (see Doc. 10, Ex. 1, ¶ 7), see also Wires v. Bledsoe, No. 3:09-CV-2247, 2010 WL 427769, at *3-5 (M.D. Pa. Feb. 3, 2010) (finding compliance with Second Chance Act when inmate received individualized consideration consistent with five factors set forth in 18 U.S.C. § 3621), and concluding that Coleman is not entitled to relief under the Act, it is hereby ORDERED that:

---

[1] Coleman claims that the exhaustion requirement should be excused because an administrative appeal of his pre-release date would be futile. In Cerverizzo v. Yost, No. 10-01074, 2010 WL 1936265, at *1-2 (3d Cir. 2010), the court held that if a prison *policy* limits inmates to six months pre-release in a Residential Re-entry Center ("RRC"), then exhaustion of administrative remedies would be an exercise in futility. Coleman's situation is distinguishable, however, for USP Canaan—where he is currently detained—does not adhere to a policy which limits inmates to a maximum pre-release period of less than twelve months. Coleman also claims that he does not have time to exhaust his remedies, because his release date is fast approaching. The fact that an inmate's release date is approaching—without more—is insufficient to render his claim futile. Torres v. Martinez, No. 3:09-CV-1070, 2009 WL 2487093, at *4 (M.D. Pa. Aug. 12, 2009).

1. The report of the magistrate judge (Doc. 17) is ADOPTED.

2. The petition (Doc. 1) for habeas corpus is DISMISSED.

3. The Clerk of Court is instructed to CLOSE this case.

                                           S/ Christopher C. Conner
                                           CHRISTOPHER C. CONNER
                                           United States District Judge